JACOB S. WHITE'S ADMR. *v.* JOHN G. COLE ET AL.

**Pleading—Petition Must Allege Rejection of Credit on Note.**
> To authorize the rejection of a credit entered on a note, it must be
> alleged that the claim therefor had been presented and refused by a
> commissioner of the court, said note having been formerly in a commis-
> sioner's hands, or facts should be stated which would furnish a valid and
> sufficient reason why the commissioner would reject it.

APPEAL FROM MADISON CIRCUIT COURT.

December 9, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

The transcript of the record before us does not show that the
answer was filed, nor does it show that on the trial of the case it
was treated as a part of the pleadings in the case; but in the
judgment it is stated that the defendants, J. P. White and John
G. Cole, having been duly summoned failed to answer, etc., from
which it is obvious that the answer was not considered by the court
as any part of the pleadings. Whether, therefore, the court below
properly credited the judgment by the $148.56 endorsed on the
writing sued on must depend on the allegation of the petition con-
troverting the right of the defendants to said credit—which allega-
tion is as follows: The plaintiff states that the other credit put
on said note by the defendant, J. G. Cole, of one hundred and
forty-eight dollars and fifty-six cents as interest on notes and
accounts up to that day, which Elizabeth H. Cole holds against
Jacob White, deceased, is not correct and was placed thereon with-
out the authority of the plaintiff, unless the court to settle up the
estate of Jacob S. White, deceased, allowed said claim, and the

plaintiff charges that said claim was invalid against Jacob S. White's estate, and has not been, and will not be allowed by the court, and said credit it disallowed, and repudiated.

It is not stated in the petition when, or within what time application was to be made to the commissioner to ascertain whether he would allow the credit. Nor is it alleged that the claim for the credit had been presented to him and that he had refused to allow it; but it is merely stated as the conclusion of the pleader, that it has not been allowed and will not be allowed, without stating any facts conducing to show that the credit should not be allowed, or any reason why the commissioner should not allow it.

To authorize the rejection of the credit by the court, it should have been distinctly alleged that the claim therefor had been presented, and the commissioner had refused to allow it—or facts should have been stated, which would furnish a valid and sufficient reason why the commissioner would reject it; facts which, if true, the court could see, would constitute a valid, legal reason for rejecting the credit. Such an allegation the petition does not contain, and the court below consequently did not err in ordering the credit to be entered on the judgment.

Wherefore, said judgment is *affirmed*.

*Turner,* for appellant.

*Burnam,* for appellees.